IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS ALFONSO TORRES HERNANDEZ | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 23-cv-01016 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF JUAN DIAZ'S
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND JURY DEMAND**

Defendant Juan Diaz ("Detective Diaz"), by and through undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff Luis Alfonso Torres Hernandez's ("Plaintiff") Second Amended Complaint and Jury Demand ("SAC") with prejudice.

I. **INTRODUCTION**

The SAC provides scant information as to why Detective Diaz is named in this lawsuit. The SAC contains two counts that name Detective Diaz: Count V (Civil Conspiracy) and Count VI (Aiding and Abetting). Both should be dismissed for Failure to State a Claim.

II. **STATEMENT OF FACTS**[1]

---

[1] The Statement of Facts are recited from Plaintiff's SAC and do not constitute a concession or admission on behalf of Detective Diaz.

2

The SAC alleges that Co-Defendant James Lloyd was, at all relevant times, employed as a Sergeant with the Baltimore City Police Department Homicide Unit, hired Plaintiff to build a stone patio at his house for $7,000. ¶¶12-13.

Plaintiff alleges on June 18, 2020, Plaintiff drove to Mr. Lloyd's residence and inspected the patio when Mr. Lloyd's fiancé and Detective Diaz were present. ¶16. Plaintiff agreed to repair an issue with the patio. *Id.* Plaintiff agreed to enlarge the patio and Defendant Lloyd would only need to pay for the extra materials and the at-cost price of the labor for the subcontractor to perform the work. *Id.* It is alleged that on June 18, 2020 Defendant Diaz told Plaintiff that this patio is "not worth $7,000.00." *Id.* There is no allegation that Detective Diaz said this statement while his gun and badge were visible or that Detective Diaz said this statement in a threatening way.

Plaintiff alleges on June 25, 2020, Co-Defendant Lloyd ordered several homicide detectives under his supervision and control, including Detective Diaz, to be present at his house when Plaintiff arrived. *Id.* at 18. All detectives, including Detective Diaz, were on duty and acting within the scope of their employment with the Baltimore City Police Department. *Id.* It is alleged that Co-Defendants threatened to arrest Plaintiff for driving on a suspended license unless Plaintiff returned the money he was paid for the patio. *Id.* at 28, 29, 30, 32 and 32. Co-Defendant Lloyd drove Plaintiff to the bank and Plaintiff gave him a cashier's check in the amount of $3,500. *Id.* at 35, 36 and 40.

Defendant Diaz drove a Baltimore City police vehicle separately to Defendant Lloyd's residence. *Id*. at 25. Detective Diaz, approached Plaintiff while they were at the back of the house with his gun and badge were visible and said "all you have to do is give his money back." *Id.* at 31.

III. **PROCEDURAL HISTORY**

3

On March 2, 2023 Plaintiff filed a ten-count Complaint in the Circuit Court for Baltimore City against James Abraham Lloyd, Juan Diaz, Troy Taylor and Manuel Larbie. *See* ECF No. 10. Only two counts (Counts V & VI) were against Detective Diaz. On March 31, 2023, Plaintiff filed an Amended Complaint bringing the same counts and added the Mayor and City Council of Baltimore (the City) as an additional Defendant. *See* ECF No. 11. On April 17, 2023, the City filed a Notice of Removal. *See* ECF No. 1. On June 26, 2023, Plaintiff filed a Second Amended Complaint adding Baltimore City Police Department ("BPD") and two additional counts under the Maryland Declaration of Rights, which do not apply to Detective Diaz. *See* ECF No. 29.

IV. **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). Under Rule 12(b)(6), a defendant may move to dismiss a complaint that does not allege facts that plausibly suggest that the plaintiff has a right to relief. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must presume the truth of the plaintiff's well-pleaded factual allegations, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), a court need not accept as true conclusory factual allegations, unwarranted inferences, or unreasonable conclusions or arguments. *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006). Thus, a motion to dismiss must be granted if the court cannot find that the well-pled facts and reasonable inferences therefrom, construed in the non-movants favor, state a plausible claim for which relief can be granted. *Odjaghian v. HHS Tech. Grp., LLC*, No. 19-1491, 848 F. App'x 534, 537 (4th Cir. Mar. 2, 2021).

V. **ARGUMENT**

**A. PLAINTIFF'S CLAIM FOR CONSPIRACY TO EXTORT PLAINTIFF, CONVERT MONEY FROM PLAINTIFF, KIDNAP PLAINTIFF, ENGAGE IN**

4

**MISCONDUCT IN OFFICE, FALSELY ARREST PLAINTIFF, FALSELY IMPRISON PLAINTIFF AND INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS SHOULD BE DISMISSED UNDER THE INTRACORPORATE CONSPIRACY DOCTRINE**

Plaintiff's claim for conspiracy to extort Plaintiff, convert money from Plaintiff, kidnap Plaintiff, engage in misconduct in office, falsely arrest Plaintiff, falsely imprison Plaintiff and interfere with Plaintiff's civil rights in Count V must be dismissed with prejudice under the intracorporate conspiracy doctrine. Count V alleges that the "defendants" including Detective Diaz, the City and BPD, conspired to "entered into an agreement to extort Plaintiff, convert money from Plaintiff, kidnap Plaintiff, engage in misconduct in office, falsely arrest Plaintiff, falsely imprison Plaintiff, and violate Plaintiff's rights under Article 24 and 26 of the Maryland Declaration of Rights." SAC ¶ 188.

The intracorporate conspiracy doctrine, which applies to civil rights cases, "is rooted in the basic tenet that 'you must have two persons or entities to have a conspiracy.'" *Burgess v. Baltimore Police Dep't*, No. CV RDB-15-0834, 2016 WL 795975, at *10 (D. Md. Mar. 1, 2016) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1952)). Accordingly, "employees, when acting within the scope of their employment, cannot conspire amongst themselves." *Walters v. McMahen*, 795 F. Supp. 2d 350, 358 (D. Md. 2011), *aff'd,* 684 F.3d 435 (4th Cir. 2012) (citation ommitted). In *Lewin v. Cooke*, the Fourth Circuit held that the plaintiff's conspiracy claim against employees of the Eastern Virginia Medical School of the Medical College of Hampton Roads ("EVMS") was barred under this doctrine because as agents of EVMS, all of the defendants "constitute[d] a single legal entity." No. 00-1732, 28 F. App'x 186, 195 (4th Cir. Jan. 7, 2002). Accordingly, they were "legally incapable of conspiracy, which requires multiple parties acting together." *Id.* (citation omitted).

The Second Amended Complaint alleges that at all relevant times, the "officers were on duty and acting with the scope of their employment with the Baltimore City Police Department."

5

*See* SAC ¶ 18. Accordingly, as an employee of BPD, Detective Diaz cannot be held to have conspired within the single entity of the BPD under the intracorporate conspiracy doctrine and this claim must be dismissed with prejudice. *See Kangalee v. Baltimore City Police Dep't*, No. CIV.A. RDB-12-01566, 2012 WL 5457231, at *7 (D. Md. Nov. 7, 2012) (dismissing § 1985 conspiracy claim against the BPD commissioner and a BPD officer under intracorporate conspiracy doctrine).

### B. PLAINTIFF'S CLAIMS AGAINST DETECTIVE DIAZ FOR AIDING AND ABETTING IS TANTAMOUNT TO A CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED UNDER THE INTRACORPORATE CONSPIRACY DOCTRINE AND BECAUSE PLAINTIFF'S ALLEGATIONS AS TO KNOWLEDGE ARE COMPLETELY CONCLUSORY

Plaintiff has only alleged "aiding and abetting" against Detective Diaz with regard to the state law claims[2]. Plaintiff's claim of "aiding and abetting" is tantamount to a civil conspiracy claim and, similar to the Conspiracy count, should be dismissed under intracorporate conspiracy doctrine. In the civil context, aiding and abetting requires active participation in the commission of a tort alongside other tortfeasors or lending aid to those other tortfeasors in the commission of the tort. *Alleco Inc. v. Harry & Jeanette Weinberg Foundation, Inc.,* 340 Md. 176, 200 (1995). Comparatively, a conspiracy claim likewise requires a showing of individuals acting simultaneously to commit a wrong – though civil conspiracy is more neatly characterized as a joint action. *See Lloyd v. General Motors Corp.,* 397 Md. 108, 154 (2007). Similar to a conspiracy claim, it requires separate individuals or entities, not member of a single entity acting in concert.

In this case, there is no real significance to any legal distinction made regarding the type of agreement as the factual basis made by Plaintiff is the same for both counts. All of the

---

[2] To the extent the complaint could be read to include "aiding and abetting" with regard to the claims under 42 U.S.C § 1983, it is established law that there is no cause of action under 42 U.S.C § 1983 for "aiding and abetting" and any such claim should be dismissed. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 176-77 (1994).

allegations are based on the allegation that these officers were all acting within the scope of their employment as officers in the Baltimore Police Department. While Maryland courts have not specifically addressed the applicability of the intracorporate conspiracy doctrine to "aiding and abetting claims," making this a matter of first impression in this jurisidiction, other jurisdictions have come to the inevitable conclusion that the doctrine must apply in equal measure. *See e.g., Cowing v. Commare*, 499 S.W.3d 291, 294-95 (Ky. Ct. App. 2016) (applying the intracorporate conspiracy doctrine to a claim of aiding and abetting on the basis that, like "conspiracy, the act of aiding and abetting provides for secondary liability based on the conduct of a multiplicity of actors acting in concert."). Based on the court's reasoning in *Cowing*, the intracorporate conspiracy doctrine bars Plaintiff's Aiding and Abetting claims as well and they should be dismissed.

Moreover, there is no factual allegation in the SAC as to Detective Diaz's knowledge. In *Wiseman v. First Mariner Bank*, 2013 U.S. Dist. LEXIS 2136229, Judge Ellen Lipton Hollander, analyzed the elements of civil liability for aiding and abetting.

> In *Saadeh*, the Maryland Court of Special Appeals stated, *id.* at 325, 327-28, 819 A.2d at 1170, 1171:
>
> Maryland recognizes that one may be held civilly liable in tort as an aider and abettor to a tort committed by another.
>
> * * *
>
> [W]hile proof of criminal aiding and abetting requires a heightened showing that the aider and abettor had the purpose to accomplish the underlying criminal act, proof of tortious aiding and abetting requires a lesser showing that the aider and abettor engaged in conduct knowing that the criminal (or tortious) act would be the natural consequence of his conduct. . . . [A]ider and abettor tort liability is predicated upon the wrongdoer's engaging in acts of encouragement or assistance to the person actually committing the wrongful act. To be liable in tort, the aider or abettor must have engaged in assistive conduct that he would know would contribute to the happening of that act.

*Id.* at 88.

7

Judge Hollander found that the complaint failed to assert a claim for aider abettor liability because the plaintiff's allegations as to knowledge were "completely conclusory." *Id.*

The same hold true here. Plaintiff's allegations in the SAC as to knowledge are completely conclusory and without more does not assert a claim on which relief can be granted for aider and abettor liability.

### VI.     CONCLUSION

For the foregoing reasons, this Court should dismiss all claims asserted in the Second Amended Complaint against Juan Diaz, with prejudice and without leave to amend.

Dated: July 31, 2023                                  Respectfully submitted,

*/s/ Thomas H. Barnard*

Thomas H. Barnard, Fed. Bar No. 27488
tbarnard@bakerdonelson.com
Constantine J. Themelis, Fed. Bar No. 27303
cthemelis@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street
Baltimore, MD 21202
Phone: 410-862-1185
Fax: 410-547-0699

**Attorneys for Defendant Juan Diaz**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2023 the foregoing Motion to Dismiss Plaintiffs' Amended Complaint and Jury Demand was electronically filed and served via this Court's CM/ECF e-filing system on all counsel of record.

*/s/ Thomas H. Barnard*
Thomas H. Barnard, Fed. Bar No. 27488
