IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS ALFONSO TORRES HERNANDEZ, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:23-cv-01016-JRR |
| MAYOR & CITY COUNCIL OF BALTIMORE CITY, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT JAMES A. LLOYD'S ANSWER TO SECOND AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL DEMAND

Defendant James A. Lloyd, pursuant to Rule 8 of the Federal Rules of Civil Procedure, answers Plaintiff's Second Amended Complaint and Request for Jury Trial ("SAC") (ECF 29), and states:

### JURISDICITON AND VENUE

1.      Paragraph 1 is a legal conclusion to which no response is necessary from this Defendant.  To the extent any response is necessary, Mr. Lloyd is not currently challenging jurisdiction over the subject mater or the parties in this action.

2.      Paragraph 2 is a legal conclusion to which no response is necessary from this Defendant.  To the extent any response is necessary, Mr. Lloyd is not currently challenging venue in this action.  Further responding, Mr. Lloyd admits that, at all relevant times to the SAC's allegations, he was employed in Baltimore City, Maryland.

## NOTICE

3. Paragraph 3 contains legal conclusions about compliance with the Local Government Tort Claims Act to which no response is necessary from this Defendant. To the extent any response is necessary, Mr. Lloyd admits only that on July 21, 2020, counsel for Plaintiff sent a letter to the Acting City Solicitor of Baltimore City, entitled "Notice of Tort Liability."

## PARTIES

4. Mr. Lloyd is without sufficient information to admit or deny the allegation in paragraph 4 of the SAC and, therefore, denies same.

5. Mr. Lloyd admits the allegations in paragraph 5 of the SAC.

6. Mr. Lloyd admits the allegations in paragraph 6, but notes that Juan Diaz, Troy Taylor, and Manuel Larbi are no longer parties to this case. *See* ECF 60.

7. Mr. Lloyd admits the allegations in paragraph 7 of the SAC with the exception of Plaintiff's allegation that Mr. Lloyd committed any crime, which is denied.

8. Paragraph 8 of the SAC is directed to Juan Diaz who is no longer a party to this case, *see* ECF 60, and, therefore, no response is necessary to this paragraph.

9. Paragraph 9 of the SAC is directed to Troy who is no longer a party to this case, *see* ECF 60, and, therefore, no response is necessary to this paragraph.

10. Paragraph 10 of the SAC is directed to Manuel Larbi who is no longer a party to this case, *see* ECF 60, and, therefore, no response is necessary to this paragraph.

## FACTS COMMON TO ALL COUNTS

11. Mr. Lloyd denies the allegations in paragraph 11 of the SAC.

12. Mr. Lloyd is without sufficient information to admit or deny whether Plaintiff contacted him two days later, but admits the remaining allegations in paragraph 12 of the SAC.

13. Responding to paragraph 13 of the SAC, Mr. Lloyd admits only that he contracted with Plaintiff to build a stone patio at Mr. Lloyd's home and that a patio was built. Mr. Lloyd denies that Plaintiff built the patio.

14. Mr. Lloyd admits the allegation in paragraph 14 of the SAC.

15. Mr. Lloyd admits contacting Plaintiff as alleged in paragraph 15 of the SAC, but denies doing so because of "minor issues with the pavers." Rather, the patio had caved in because it was not properly installed.

16. Responding to paragraph 16, Mr. Lloyd denies that anyone requested that Plaintiff enlarge the patio. Rather, Plaintiff was requested to build the patio correctly. Mr. Lloyd admits the remaining allegations in this paragraph.

## June 25, 2020

17. Mr. Lloyd admits the allegation in paragraph 17 but states that his shift was 5:00 a.m. to 1:00 p.m.

18. Mr. Lloyd denies the allegations in paragraph 18 other than admitting that he and the other members of the Baltimore Police Department ("BPD") identified in this paragraph were acting within the scope of their employment at the time referenced in the SAC.

19. Mr. Lloyd denies the allegations in paragraph 19.

3

20. Mr. Lloyd is without sufficient information at this time to admit or deny the allegation in sentence one of paragraph 20.  Mr. Lloyd denies the allegation in sentence two of paragraph 20.

21. Mr. Lloyd denies the allegations in paragraph 21.

22. Mr. Lloyd admits the allegations in paragraph 22.

23. Mr. Lloyd admits the allegation in paragraph 23.

24. Mr. Lloyd denies the allegation in paragraph 24.

25. Mr. Lloyd denies the allegation in paragraph 25.

26. Mr. Lloyd admits the allegations in paragraph 26.

**Unauthorized Use of Law Enforcement Databases to Aid Defendant Lloyd's Illegal Conduct**

27.  Mr. Lloyd admits the allegations in paragraph 27.

28. Mr. Lloyd admits the allegations in paragraph 28.

29. Mr. Lloyd denies the allegations in paragraph 29.

30. Responding to paragraph 30, Mr. Lloyd denies acting out of a motive to extort money from Plaintiff, but admits the remaining allegations in this paragraph.

31. Mr. Lloyd admits the allegation in sentence 1 of paragraph 31.  Mr. Lloyd denies the remaining allegations in this paragraph.

32. Mr. Lloyd denies the allegation in paragraph 32.

33. Mr. Lloyd is without sufficient information to admit or deny the allegations in paragraph 33.

34. Mr. Lloyd denies the allegation in sentence 1 of paragraph 34. Mr. Lloyd admits the remaining allegations in this paragraph.

35. Mr. Lloyd denies the allegations in paragraph 35.

36. Mr. Lloyd denies the allegations in paragraph 36.

37. Mr. Lloyd admits the allegations in paragraph 37.

38. Mr. Lloyd denies the allegations in paragraph 38.

39. Mr. Lloyd admits the allegations in sentences one and four, and denies the remaining allegations in this paragraph.

40. Responding to paragraph 40, Mr. Lloyd denies that the money was stolen from Plaintiff. Mr. Lloyd admits the remaining allegations in that paragraph.

41. Responding to paragraph 41, Mr. Lloyd admits the allegations in sentences one through three. Responding to the remainder of this paragraph, Mr. Lloyd admits speaking to Plaintiff and telling him he could leave, but denies the remainder of this paragraph.

42. Responding to paragraph 42, Mr. Lloyd admits the allegations against him in sentence one and denies the remaining allegations against him in this paragraph.

43. Mr. Lloyd is without sufficient information to admit or deny the allegations in paragraph 43.

44. Mr. Lloyd denies the allegations against him in paragraph 44.

### **Criminal Prosecution**
*State v. James Lloyd*

45. Mr. Lloyd admits the allegation in paragraph 45.

46. Mr. Lloyd admits the allegation in paragraph 46.

47. Mr. Lloyd admits the allegation in paragraph 47.

48. Mr. Lloyd admits the allegation in paragraph 48.

**Pattern or Practice of Civil Rights Violations**

*In 2016, the U.S. Department of Justice Found a Pattern or Practice of Conduct that Violates the U.S. Constitution*

49. The allegations in paragraph 49 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to this paragraph.

50. The allegations in paragraph 50 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to this paragraph.

51. The allegations in paragraph 51 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to this paragraph.

52. The allegations in paragraph 52 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to this paragraph.

53. The allegations in paragraph 53 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to this paragraph.

54. The allegations in paragraph 54 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to this paragraph.

*Prior to Defendant Lloyd's conduct in this case, the Baltimore City Police Department had a policy, practice, and custom of sworn police officers using their office police powers to engage in extortion for their own personal benefit*

55-78. The allegations in paragraphs 55-78 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to these paragraphs.

*Members of the Gun Trace Task Force were charged with crimes arising from, among other things, numerous acts of extorting members of the public.*

79-87. The allegations in paragraphs 79-87 are not directed to Mr. Lloyd and, therefore, no response is necessary from Mr. Lloyd to these paragraphs.

88. Mr. Lloyd denies any allegations against him in paragraph 88.

## Count I
## False Imprisonment
## (Plaintiff v. Lloyd)

89. Mr. Lloyd adopts and incorporates by reference all prior responses as if set forth fully herein.

90. Mr. Lloyd denies the allegations against him in paragraph 90.

91. Mr. Lloyd denies the allegations against him in paragraph 91.

92. Mr. Lloyd denies the allegations against him in paragraph 92.

93. Mr. Lloyd denies the allegations against him in paragraph 93.

94. Mr. Lloyd denies the allegations against him in paragraph 94.

95. Mr. Lloyd denies the allegations against him in paragraph 95.  Mr. Lloyd denies that Plaintiff is entitled to damages as alleged in the "Wherefore" clause immediately following paragraph 95.

## COUNT II
## False Arrest
## (Plaintiff v. Lloyd)

96. Mr. Lloyd adopts and incorporates by reference all prior responses as if set forth fully herein.

97. Mr. Lloyd denies the allegations against him in paragraph 97.

4869-0415-4803, v. 1

98. Mr. Lloyd denies the allegations against him in paragraph 98.

99. Mr. Lloyd denies the allegations against him in paragraph 99.

100. Mr. Lloyd denies the allegations against him in paragraph 100.

101. Mr. Lloyd denies the allegations against him in paragraph 101.  Mr. Lloyd denies that Plaintiff is entitled to damages as alleged in the "Wherefore" clause immediately following paragraph 101.

### Count III
### Violation of Article 24 of the Maryland Declaration of Rights
### (Plaintiff v. Mayor and City Council of Baltimore, Baltimore Police Department, and Lloyd)

102. Mr. Lloyd adopts and incorporates by reference all prior responses as if set forth fully herein.

103. Mr. Lloyd admits the allegations against him in paragraph 103.

104. Mr. Lloyd denies the allegations against him in paragraph 104.

105. Mr. Lloyd admits that, at all relevant times, he was acting under color of State law, but denies the remaining allegations against him in paragraph 105.

106. Mr. Lloyd denies any allegations against him in paragraph 106.

107.  Mr. Lloyd denies any allegations against him in paragraph 107.

108. The allegations in paragraph 108 are not directed toward Mr. Lloyd and, therefore, no response is necessary.  Mr. Lloyd denies that Plaintiff is entitled to damages as alleged in the "Wherefore" clause immediately following paragraph 108.

4869-0415-4803, v. 1

## Count IV
### Violation of Article 24 of the Maryland Declaration of Rights
**(Plaintiff v. Mayor and City Council of Baltimore, Baltimore Police Department, and Lloyd)**

109. Mr. Lloyd adopts and incorporates by reference all prior responses as if set forth fully herein.

110. Mr. Lloyd admits the allegations against him in paragraph 110.

111. Mr. Lloyd denies the allegations against him in paragraph 111.

112. Mr. Lloyd denies the allegations against him in paragraph 112.

113. Mr. Lloyd denies the allegations against him in paragraph 113.

114. Mr. Lloyd denies the allegations against him in paragraph 114.

115. Mr. Lloyd denies the allegations against him in paragraph 115.

116. Mr. Lloyd denies the allegations against him in paragraph 116. Mr. Lloyd denies that Plaintiff is entitled to damages as alleged in the "Wherefore" clause immediately following paragraph 116.

## Count V
### Civil Conspiracy
**(Plaintiff v. Mayor and City Council of Baltimore, Baltimore Police Department, Lloyd, Diaz, Larbi, and Taylor)**

117-120. Count V was dismissed, *see* ECF 60, and, therefore, no response is necessary.

## Count VI
### Aiding and Abetting
**(Plaintiff v. Diaz, Taylor, and Larbi)**

121-127. Count VI was dismissed, *see* ECF 60, and, therefore, no response is necessary.

4869-0415-4803, v. 1

## Count VII
## Intentional Infliction of Emotional Distress
## (Plaintiff v. Lloyd)

128. Mr. Lloyd adopts and incorporates by reference all prior responses as if set forth fully herein.

129. Mr. Lloyd denies the allegations against him in paragraph 129.

130. Mr. Lloyd denies the allegations against him in paragraph 130.

131. Mr. Lloyd denies the allegations against him in paragraph 131.

132. Mr. Lloyd denies the allegations against him in paragraph 132. Mr. Lloyd denies that Plaintiff is entitled to damages as alleged in the "Wherefore" clause immediately following paragraph 132.

## Count VIII
## Conversion
## (Plaintiff v. Defendant Lloyd)

133-138. Count VIII was dismissed, *see* ECF 60, and, therefore, no response is necessary.

## Count IX
## Violation of 42 U.S.C. § 1983
## (Plaintiff v. Defendant Lloyd, in his Individual Capacity)

139. Mr. Lloyd adopts and incorporates by reference all prior responses as if set forth fully herein.

140. Paragraph 140 is a description of the cause of action alleged under Count IX and, therefore, no response is necessary. To the extent any response is necessary, Mr. Lloyd denies any allegations against him in paragraph 140.

141. Mr. Lloyd admits the allegations against him in paragraph 141.

142. Mr. Lloyd admits that, at all relevant times, he was acting under color of State law, but denies the remaining allegations against him in paragraph 142.

143. Paragraph 143 states a legal conclusion to which no response is necessary.

144. Mr. Lloyd denies the allegations against him in paragraph 144.

145. Mr. Lloyd denies the allegations against him in paragraph 145.  Mr. Lloyd denies that Plaintiff is entitled to damages as alleged in the "Wherefore" clause immediately following paragraph 145.

## Count X
## Violation of 42 U.S.C. § 1983
### (Plaintiff v. Defendant Mayor and City Council of Baltimore, Baltimore Police Department and Lloyd in his Official Capacity)

146-155.    Plaintiff's claims under Count X against Mr. Lloyd have been dismissed, *see* ECF 60 and, therefore, no response is necessary from Mr. Lloyd.

## Count XI
### Failure to Supervise - Violation of Article 24 of the Maryland Declaration of Rights
### (Plaintiff v. Mayor and City Council of Baltimore and Baltimore Police Department)

156-166.  Count XI is not directed toward Mr. Lloyd and, therefore, no response is necessary.

## AFFIRMATIVE AND NEGATIVE DEFENSES

167. Mr. Lloyd denies all allegations not specifically admitted in this Answer.

168. Plaintiff's AC fails to state a claim upon which relief can be granted.

169. Plaintiff's claims are barred, in whole or in part, by the doctrines of governmental and qualified immunity.

170. Mr. Lloyd acted with reasonable articulable suspicion and probable cause.

11

171. Mr. Lloyd denies violating Plaintiff's rights.

172. Mr. Lloyd acted reasonable and in good faith under the circumstances.

173. Mr. Lloyd's actions were privileged because he was performing lawful duties as a member of the BPD and he is therefore entitled to and claims all common law and statutory immunities.

174. Plaintiff's alleged injuries, losses, or damages were caused Plaintiff's own conduct or by the conduct of other persons or parties for whom Mr. Lloyd is not responsible.

175, Mr. Lloyd is entitled to qualified immunity.

176. Plaintiff's state law claims are governed by, and Plaintiff's potential recovery is limited by, the Local Government Tort Claims Act, Md. Code Cts. Jud. Proc. Art. §§ 5-301, *et seq.*

177. Mr. Lloyd is entitled to discretionary immunity and public official immunity.

178. Mr. Lloyd was acting under the color of law and within the scope of his employment with BPD at all times relevant to the allegations in the SAC.

179. Mr. Lloyd reserves the right to amend this answer.

4869-0415-4803, v. 1

Dated April 26, 2024                    /s/ Christopher C. Jeffries
                                        Christopher C. Jeffries (Bar No. 28587)
                                        John A. Bourgeois (Bar No. 11834)
                                        KRAMON & GRAHAM, P.A.
                                        One South Street, Suite 2600
                                        Baltimore, Maryland 21202
                                        Phone: (410) 752-6030
                                        Fax: (410) 539-1269
                                        cjeffries@kg-law.com
                                        jbourgeois@kg-law.com

                                        *Counsel for James A. Lloyd*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2024, a copy of the foregoing was filed electronically via CM/ECF, which effected service on counsel for all parties.

                                                   */s/ Christopher C. Jeffries*
                                                   Christopher C. Jeffries (Bar No. 28587)

4869-0415-4803, v. 1