UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **LUIS ALFONSO TORRES HERNANDEZ** | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: 1:23-cv-01016-JRR |
| **JAMES ABRAHAM LLOYD, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Baltimore Police Department ("BPD" or "Defendant") by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 7(a) and 8, answers the Second Amended Complaint (ECF No. 29) as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

2. To the extent that Paragraph 2 identifies the statutes under which Plaintiff brings this cause of action, no response is required. The remainder of Paragraph 2 does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

### NOTICE

3. Defendant lacks sufficient information to admit or deny Paragraph 3 of the Second Amended Complaint.

1

## **PARTIES**

4. Paragraph 4 does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

5. Paragraph 5 does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

6. Defendant admits that is a law enforcement agency within Baltimore City Maryland. Defendant admits that Defendants Lloyd, Diaz, Taylor and Larbi have each been employed by the Baltimore Police Department at some point in time. it transacts substantial business in and maintains employment records in the City of Baltimore. Defendant denies the remainder of Paragraph 6.

7. Defendant admits that Defendant James Lloyd was employed by BPD on June 25, 2020. Defendant further admits that it issued Sgt. Lloyd a firearm and badge, access to authorized law enforcement databases, and provided him with an unmarked departmental police vehicle. Defendant denies the remainder of the Paragraph.

8. Defendant admits that Defendant Juan Diaz was employed by BPD on June 25, 2020. Defendant denies the remainder of the Paragraph.

9. Defendant admits that Defendant Troy Taylor was employed by BPD on June 25, 2020. Defendant denies the remainder of the Paragraph.

10. Defendant admits that Defendant Manuel Larbi was employed by BPD on June 25, 2020. Defendant denies the remainder of the Paragraph.

## **FACTS COMMON TO ALL COUNTS**

11. Defendant lacks sufficient information to admit or deny this Paragraph. Further, this Paragraph does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

    12.    See answer to Paragraph 11.

    13.    See answer to Paragraph 11.

    14.    See answer to Paragraph 11.

    15.    See answer to Paragraph 11.

    16.    See answer to Paragraph 11.

## **June 25, 2020**

17. Defendant lacks sufficient information to admit or deny this Paragraph. Further, this Paragraph does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

    18.    See answer to Paragraph 17.

    19.    See answer to Paragraph 17.

    20.    See answer to Paragraph 17.

    21.    See answer to Paragraph 17.

    22.    See answer to Paragraph 17.

    23.    See answer to Paragraph 17.

    24.    See answer to Paragraph 17.

    25.    See answer to Paragraph 17.

26. See answer to Paragraph 17.

27. Defendant admits that it has created and enacted polices regarding computer usage, and access to internal networks and databases, including but not limited to Policy 1301. BPD further admits that the purpose of providing officers with access to law enforcement databases is to further the interests of the agency. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, the Paragraph is denied.

28. See answer to Paragraph 17.

29. See answer to Paragraph 17.

30. See answer to Paragraph 17.

31. See answer to Paragraph 17.

32. See answer to Paragraph 17.

33. See answer to Paragraph 17.

34. See answer to Paragraph 17.

35. See answer to Paragraph 17.

36. See answer to Paragraph 17.

37. See answer to Paragraph 17.

38. See answer to Paragraph 17.

39. See answer to Paragraph 17.

40. See answer to Paragraph 17.

41. See answer to Paragraph 17.

42. See answer to Paragraph 17.

43. See answer to Paragraph 17.

44. Denied

**Criminal Prosecution**

45.     This Paragraph does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

46.     See answer to Paragraph 45.

47.     See answer to Paragraph 45.

48.     See answer to Paragraph 45.

**Pattern or Practice of Civil Rights Violations**

49.     Denied.

50.     This Paragraph does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

51.     This Paragraph is a summarization, including quotations, from a third party report and does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

52.     Denied.

53.     Denied.

54.     This Paragraph is a summarization, including a block quotation, from a third party report and does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

55.     Denied.

56. This Paragraph restates an assertion made within a third party report and does not contain an allegation against Defendant, therefore no answer is required. To the extent this Paragraph can be read or interpreted to state an allegation of wrongdoing against Defendant, same is denied.

57. See Answer to Paragraph 56.

58. See Answer to Paragraph 56.

59. See Answer to Paragraph 56.

60. See Answer to Paragraph 56.

61. See Answer to Paragraph 56.

62. See Answer to Paragraph 56.

63. See Answer to Paragraph 56.

64. See Answer to Paragraph 56.

65. See Answer to Paragraph 56.

66. See Answer to Paragraph 56.

67. See Answer to Paragraph 56.

68. See Answer to Paragraph 56.

69. See Answer to Paragraph 56.

70. See Answer to Paragraph 56.

71. See Answer to Paragraph 56.

72. See Answer to Paragraph 56.

73. See Answer to Paragraph 56.

74. See Answer to Paragraph 56.

75. See Answer to Paragraph 56.

76. See Answer to Paragraph 56.

77. See Answer to Paragraph 56.

78. See Answer to Paragraph 56.

79. See Answer to Paragraph 56.

80. See Answer to Paragraph 56.

81. See Answer to Paragraph 56.

82. See Answer to Paragraph 56.

83. See Answer to Paragraph 56.

84. See Answer to Paragraph 56.

85. See Answer to Paragraph 56.

86. See Answer to Paragraph 56.

87. See Answer to Paragraph 56.

88. Denied.

**COUNT I**
**False Imprisonment**
**(Plaintiff v. Lloyd)**

89 – 95.  The cause of action alleged in Count I is asserted only against Defendant Lloyd, and the only remaining Count against Defendant BPD is Count X. To the extent that a response is required, Defendant denies the allegations that relate to or support Count I.  Defendant further denies the allegations contained in in Paragraphs 89 - 95 of the Second Amended Complaint.

**COUNT II**
**False Arrest**
**(Plaintiff v. Lloyd)**

96 - 101.  The cause of action alleged in Count II is asserted only against Defendant Lloyd, and the only remaining Count against Defendant BPD is Count X. To the extent that a response is

required, Defendant denies the allegations that relate to or support Count II.  Defendant further denies the allegations contained in in Paragraphs 96 - 101 of the Second Amended Complaint.

### COUNT III
### Violation of Article 24 of the Maryland Declaration of Rights
### (Plaintiff v. Mayor and City Council of Baltimore,
### Baltimore Police Department, and Lloyd)

102 - 108.  The cause of action alleged in Count III – as to Defendant BPD -  was dismissed without prejudice, pursuant to Court Order of March 28, 2023.  ECF No. 60.  The only remaining Count against Defendant BPD is Count X. To the extent that a response is required, Defendant denies the allegations that relate to or support Count III.  Defendant further denies the allegations contained in in Paragraphs 89-95 of the Second Amended Complaint.

### COUNT IV
### Violation of Article 26 of the Maryland Declaration of Rights
### (Plaintiff v. Mayor and City Council of Baltimore,
### Baltimore Police Department and Lloyd)

109 - 116.  The cause of action alleged in Count IV – as to Defendant BPD – was dismissed without prejudice, pursuant to Court Order of March 28, 2023.  ECF No. 60.  The only remaining Count against Defendant BPD is Count X. To the extent that a response is required, Defendant denies the allegations that relate to or support Count IV.  Defendant further denies the allegations contained in in Paragraphs 109 - 115 of the Second Amended Complaint.

### COUNT V
### Civil Conspiracy
### (Plaintiff v. Mayor and City Council of Baltimore, Baltimore Police Department,
### Lloyd, Diaz, Larbi, and Taylor)

117 - 120.  The cause of action alleged in Count V – as to Defendant BPD – was dismissed without prejudice, pursuant to Court Order of March 28, 2023.  ECF No. 60.  The only remaining Count against Defendant BPD is Count X. To the extent that a response is required, Defendant

denies the allegations that relate to or support Count V.  Defendant further denies the allegations contained in in Paragraphs 117 - 120 of the Second Amended Complaint.

## COUNT VI
### Aiding and Abetting
### (Plaintiff v. Diaz, Taylor, and Larbi)

121 - 127.  The cause of action alleged in Count VI was dismissed without prejudice, pursuant to Court Order of March 28, 2024.  ECF No. 60.  Further, Count VI was not asserted against Defendant BPD.  To the extent that a response is required, Defendant denies the allegations that relate to or support Count VI.  Defendant further denies the allegations contained in in Paragraphs 121 - 127 of the Second Amended Complaint.

## COUNT VII
### Intentional Infliction of Emotional Distress
### (Plaintiff v. Lloyd)

128 - 132.  The cause of action alleged in Count VII was not asserted against Defendant BPD.  To the extent that a response is required, Defendant denies the allegations that relate to or support Count VII.  Defendant further denies the allegations contained in in Paragraphs 128 - 132 of the Second Amended Complaint.

## COUNT VIII
### Conversion
### (Plaintiff v. Defendant Lloyd)

133 - 138.  The cause of action alleged in Count VIII was not asserted against Defendant BPD.  To the extent that a response is required, Defendant denies the allegations that relate to or support Count VIII.  Defendant further denies the allegations contained in in Paragraphs 128 - 132 of the Second Amended Complaint.

## COUNT IX
### Violation of 42 U.S.C. § 1983
### (Plaintiff v. Defendant Lloyd, in his Individual Capacity)

139 - 145.   The cause of action alleged in Count IX was not asserted against Defendant BPD.  To the extent that a response is required, Defendant denies the allegations that relate to or support Count IX.  Defendant further denies the allegations contained in in Paragraphs 139 - 145 of the Second Amended Complaint.

**COUNT X**
**Violation of 42 U.S.C. § 1983**
**(Plaintiff v. Defendant Mayor and City Council of Baltimore,**
**Baltimore Police Department and Lloyd in his Official Capacity)**

146. Paragraph 81, incorporating prior Paragraphs, does not contain an allegation against Defendant, therefore no answer is required.

147. Denied.

148. Denied.

149. Denied.

150. Defendant lacks sufficient information to admit or deny whether Defendant Diaz received back pay for the time he was temporarily suspended.  Nor does the Complaint include any facts to establish that he was suspended or when.  Defendant denies that Defendant Diaz aided and encouraged the alleged extortion of Plaintiff. To the extent that a further response is required, Defendant denies remainder of the Paragraph.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

## COUNT XI
### Failure to Supervise - Violation of Article 24 of the Maryland Declaration of Rights
### (Plaintiff v. Mayor and City Council of Baltimore and Baltimore Police Department)

156 - 166.   The cause of action alleged in Count XI was dismissed without prejudice, pursuant to Court Order of March 28, 2023.  ECF No. 60.  To the extent that a response is required, Defendant denies the allegations that relate to or support Count XI.  Defendant further denies the allegations contained in in Paragraphs 156 - 166 of the Second Amended Complaint.

## COUNT XII
### Failure to Supervise - Violation of Article 26 of the Maryland Declaration of Rights
### (Plaintiff v. Mayor and City Council of Baltimore and Baltimore Police Department)

167 - 177.   The cause of action alleged in Count XII was dismissed without prejudice, pursuant to Court Order of March 28, 2023.  ECF No. 60.  To the extent that a response is required, Defendant denies the allegations that relate to or support Count XII.  Defendant further denies the allegations contained in in Paragraphs 166 - 177 of the Second Amended Complaint.

## GENERAL DENIAL BASED ON NUMBERING OF ANSWERS

To the extent that Defendant overlooked or mis-numbered any answers or responses to the numbered Paragraphs in Plaintiff's Second Amended Complaint, and/or the missing or shifted answers lead to any interpretation that the Defendant admitted to any allegation of wrongdoing, Defendant makes clear that it denies any and all wrongdoing alleged by Plaintiff.  Accordingly, Defendant requests the opportunity and reserve the right to revise and clarify any answer that is or can be interpreted otherwise.

## AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSE NO. 1. :**         To the extent that co-Defendant Lloyd violated the Plaintiff's constitutional rights, such acts were committed outside the scope of their employment

as a member of the BPD, and/or not under the color of law and/or performed with malice or constituted willful misconduct, for which Defendant BPD bears no responsibility.

**AFFIRMATIVE DEFENSE NO. 2. :**     The Plaintiff fails to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 3. :**     The Plaintiff's claims are barred by the doctrine of immunity, including but not limited to, sovereign immunity, governmental immunity, qualified immunity, Eleventh Amendment immunity, and public official immunity.

**AFFIRMATIVE DEFENSE NO. 4. :**     The Plaintiff's claims are, in whole or in part, barred by the doctrine of assumption of the risk.

**AFFIRMATIVE DEFENSE NO. 5. :**     The Plaintiff's claims are, in whole or in part, barred by contributory negligence.

**AFFIRMATIVE DEFENSE NO. 6. :**     The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**AFFIRMATIVE DEFENSE NO. 7. :**     The Plaintiff's claims are, in whole or in part, barred under the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE NO. 8. :**     The Plaintiff's claims are, in whole or in part, barred under the doctrine of estoppel.

**AFFIRMATIVE DEFENSE NO. 9. :**     The Plaintiff's claims are, in whole or in part, barred under the doctrine of *in pari delicto*.

**AFFIRMATIVE DEFENSE NO. 10. :**     The Plaintiff's claims are, in whole or in part, barred under the doctrine of waiver.

**AFFIRMATIVE DEFENSE NO. 11. :**     The Plaintiff's claims are, in whole or in part, barred due to the Plaintiff's failure to mitigate any alleged damages.

**AFFIRMATIVE DEFENSE NO. 12. :**   Plaintiff is not entitled to the relief sought against Defendant BPD because Defendant BPD did not act or fail to act as alleged by the Plaintiff.

**AFFIRMATIVE DEFENSE NO. 13. :**   To the extent that co-Defendant Lloyd was performing lawful duties as a member of the Baltimore Police Department, the co-Defendant's actions were privileged and they are entitled to any claim all common law, statutory, and qualified immunities.

**AFFIRMATIVE DEFENSE NO. 14. :**   To the extent Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in his Second Amended Complaint, the injuries were proximately caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom Defendant BPD was not and is not responsible or liable. Defendant BPD was not the proximate cause of Plaintiff's injury, nor was his injury caused by any act or omission of Defendant BPD.

**AFFIRMATIVE DEFENSE NO. 15. :**   Defendant BPD reserves the right to assert any other affirmative defenses that may arise during the course of this litigation.

**AFFIRMATIVE DEFENSE NO. 16. :**   Defendant BPD generally denies any allegations of wrongdoing and asserts further that he has not violated any of the Plaintiff's constitutional rights.

**AFFIRMATIVE DEFENSE NO. 17. :**   Even if Plaintiff could establish a prima facie claim, she cannot establish that Defendant's legitimate, non-discriminatory reasons for its actions were a pretext for discrimination or the cause of a hostile work environment.

**AFFIRMATIVE DEFENSE NO. 18. :**   Defendant BPD did not act with malice, or deliberate indifference, and Defendant's actions were objectively reasonable.

**AFFIRMATIVE DEFENSE NO. 19. :**   Defendant BPD cannot be held liable for punitive damages.

## CROSS-CLAIM: DECLARATORY RELIEF

### COUNT I – SCOPE OF EMPLOYMENT
(DEFENDANT JAMES LLOYD)

1. BPD asserts this cross-claim, pursuant to Federal Rule of Civil Procedure 13(g) against co-Defendant James Lloyd.

2. The Local Government Tort Claims Act ("LGTCA") states that the City of Baltimore or the BPD shall be liable "for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." Md. Code Ann., Cts. & Jud. Proc. § 5-303.

3. To the extent that the LGTCA requires the City of Baltimore or the BPD to accept liability for any judgement against an employee arising from conduct within the employees scope of employment with BPD or the City, the allegations as plead in Paragraphs 11 through 44, related to the conduct of Defendant Lloyd, are acts and omissions occurring outside the scope of the officer's employment as a BPD officer, in pursuit of his own interests and not in pursuit of the mission of the BPD, and contrary to the training protocols, general orders, rules, regulations and standards of the BPD, and were, moreover, acts and conduct engaged in with malice and/or demonstrate willful misconduct.

4. To the extent that the Memorandum of Understanding, FOP Unit I, FY 2022-2024, Article 14[1], allows or requires the City of Baltimore or the BPD to indemnify officers of the Baltimore Police Department for monetary judgments rendered against them for acts or omissions arising out of conduct occurring within the scope of their employment as BPD officers, the allegations as plead in Paragraphs 11 through 44, related to the conduct of Defendant Lloyd, are

---

[1] To the extent that the applicable Memorandum of Understanding is the 2019-2021 MOU, and not the newer 2022-2024 MOU, the relevant article is Article 15.

acts and omissions occurring outside the scope of the officer's employment as a BPD officer, in pursuit of his own interests and not in pursuit of the mission of the BPD, and contrary to the training protocols, general orders, rules, regulations and standards of the BPD, and were, moreover, acts and conduct engaged in with malice and/or demonstrate willful misconduct.

5. Therefore, BPD seeks, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, a declaratory judgment, that each and every one of the wrongs alleged by Plaintiff to have been committed by Defendant Lloyd, were committed outside of the scope of his employment as a BPD law enforcement officer and in pursuit of said officer's private and personal interests.

**WHEREFORE**, having fully answered the Second Amended Complaint filed by Plaintiff, Defendant respectfully requests that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in Defendant BPD's favor, and the Court declare that the alleged acts and omissions of co-Defendant Lloyd occurred outside of the scope of their employment and that BPD owes no duty to indemnify co-Defendant Lloyd, along with such other and further relief as the Court deems just and proper.

**COUNT II – COLOR OF LAW**
(DEFENDANT JAMES LLOYD)

6. BPD asserts this cross-claim, pursuant to Federal Rule of Civil Procedure 13(g) against co-Defendant James Lloyd.

7. Plaintiff's cause of action in Count X, based on a *Monell* claim for Condonation, fails without "a predicate constitutional violation to proceed." *Johnson v. Baltimore Police Dep't*, No. 22-2095, 2024 WL 1209744, at *6 (4th Cir. Mar. 21, 2024) (citing *See Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012)).

8. To prevail on his Section 1983 claims against BPD in Count X, as well as his claim against Defendant Lloyd in Count, Plaintiff must establish that the alleged constitutional deprivation at issue occurred because of action taken by the defendant "under color of ... state law." *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019), as amended (Jan. 9, 2019) (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

9. To the extent that the Plaintiff must establish, as a threshold matter, whether the allegations, as plead in Paragraphs 11 through 44, related to the conduct of Defendant Lloyd, are acts and omissions occurring under the color of law, Defendant BPD asserts that Defendant Lloyd's alleged conduct (1) did not arise from his official duties, (2) was not authorized, and (3) is not fairly attributable to the City of Baltimore or BPD.

10. Therefore, BPD seeks, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, a declaratory judgment, that each and every one of the wrongs alleged by Plaintiff to have been committed by Defendant Lloyd, were not committed under the "color of law" and, as a result, Plaintiff's claims in Counts IX and X must be dismissed as a matter of law.

**WHEREFORE**, having fully answered the Second Amended Complaint filed by Plaintiff, Defendant respectfully requests that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in Defendant BPD's favor, and the Court declare (1) that the alleged acts and omissions of co-Defendant Lloyd did not occur under the "color of law," (2) that, accordingly, no constitutional violation could have occurred, and (3) without an underlying constitutional violation Plaintiff's *Monell* Condonation claim fails on its face and must be dismissed, along with such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Defendant demands a jury trial.

Dated April 29, 2024

                                        Respectfully submitted,

                                        Ebony M. Thompson
                                        BALTIMORE CITY SOLICITOR

                                        */s/   James A. H. Corley*
                                        James A. H. Corley (30016)
                                        Chief City Solicitor
                                        Baltimore City Department of Law
                                        Office of Legal Affairs
                                        City Hall, Room 101
                                        100 N. Holliday Street
                                        Baltimore, MD 21202
                                        410-274-8614 / 410-396-2126 (f)
                                        Jim.Corley@baltimorepolice.org
                                        *Counsel for Baltimore Police Department*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 29th day of April, 2024, a copy of the foregoing Answer to Plaintiff's Complaint was electronically filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland.

                                        */s/   James A. H. Corley*
                                        James A. H. Corley (30016)