**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **LUIS ALFONSO TORRES HERNANDEZ**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES ABRAHAM LLOYD ET AL.**<br><br>Defendants. | **Case No.: 1:23-cv-01016-JRR** |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO
BIFURCATE AND STAY DISCOVERY

Plaintiff files this Opposition to Defendants' Joint Motion to Bifurcate and Stay Discovery, and states for cause as follows:

BACKGROUND

In 2020, Plaintiff, a home improvement contractor, constructed a stone patio at Defendant Lloyd's residence as requested by Mr. Lloyd for $7,000. (2nd Am. Compl., ¶ 12). Mr. Lloyd later became dissatisfied with Plaintiff's work. (2nd Am. Compl., ¶ 15). Defendant Lloyd had several homicide detectives under his supervision, Troy Taylor, Manuel Larbi, and Juan Diaz to be present at his house in Gwynn Oak when Plaintiff arrived to discuss the patio. (2nd Am. Compl., ¶ 18).

Prior to showing up at Lloyd's house, Larabi ran a criminal records check and motor vehicle check on Plaintiff, which was performed for the purposes of extorting Plaintiff. (2nd Am. Compl., ¶ 20). Lloyd demanded Plaintiff's driver's license and Lloyd pulled out his badge and showed it to him to indicate it was for law enforcement purposes. (2nd Am. Compl., ¶ 26). Troy Taylor ran Plaintiff's driver's license and license plate through law enforcement databases to aid

1

Defendant Lloyd, which revealed that Plaintiff had a suspended license. (2nd Am. Compl., ¶ 28). Defendant Lloyd told Plaintiff that he would arrest him unless he got his money back that Defendant Lloyd had already paid Plaintiff. (2nd Am. Compl., ¶ 29).

Juan Diaz, a Baltimore City police officer, approached Defendant and Plaintiff while they were at the back of the house. (2nd Am. Compl., ¶ 31). His gun and badge was visible. (2nd Am. Compl., ¶ 31). Detective Diaz told Plaintiff, "all you have to do is give his money back." (2nd Am. Compl., ¶ 31). Defendant Diaz made these comments – while armed with a firearm and under the implicit threat of arrest – in an attempt to intimidate and implicitly coerce Plaintiff to give Defendant Lloyd money. (2nd Am. Compl., ¶ 31).

Defendant Lloyd then called Manuel Larbi and Troy Taylor, the Baltimore City police officers waiting in the van, and asked them to take Plaintiff downtown because he was driving on a suspended license. (2nd Am. Compl., ¶ 32). The officers approached Plaintiff with their badges and guns visible.  Plaintiff feared for his safety. (2nd Am. Compl., ¶ 32). Defendant Lloyd told Plaintiff that they could solve the dispute if Plaintiff gave him his money back he had paid for the deck project Plaintiff had constructed. (2nd Am. Compl., ¶ 34). Taylor aided Defendant Lloyd by searching for the nearest bank location so Defendant Lloyd could transport him to that location to get Plaintiff's money. (2nd Am. Compl., ¶ 35).

Fearing for his safety, Plaintiff entered into Defendant Lloyd's police vehicle. (2nd Am. Compl., ¶ 36). Before Defendant Lloyd began driving to the bank, Plaintiff told the Defendant Lloyd that he did not want any problems. (2nd Am. Compl., ¶ 36). In response, Defendant Lloyd said, "Problem would be if I take you in the woods." (2nd Am. Compl., ¶ 36). Defendant Lloyd's statement was a thinly veiled threat that he could shoot Plaintiff in the woods with his police issued firearm. (2nd Am. Compl., ¶ 36). Defendant Lloyd transported Plaintiff to Plaintiff's bank

and told him "You are going to give me my money back and I'm going to give you freedom."
Plaintiff withdrew $3,500 and gave the check to Lloyd.  Lloyd transported Plaintiff back to
Lloyd's residence so Plaintiff could recover his vehicle.

Plaintiff filed this lawsuit with claims pending against former Baltimore Police
Department Sergeant James Lloyd and the Baltimore Police Department arising from Defendant
Lloyd's extortion of Plaintiff, which was aided by the members of his squad. The claims
presently pending are as follows:

| Count | Cause of Action | Defendant |
|---|---|---|
| Count I | False Imprisonment | James Lloyd |
| Count II | False Arrest | James Lloyd |
| Count III | Violation of Article 24 of the Maryland Declaration of Rights | James Lloyd |
| Count IV | Violation of Article 26 of the Maryland Declaration of Rights | James Lloyd |
| Count VII | IIED | James Lloyd |
| Count IX | Violation of 42 U.S.C. § 1983 | James Lloyd |
| Count X | Violation of 42 U.S.C. § 1983 | Baltimore Police Department |

Defendants BPD and Lloyd filed "Defendants' Joint Motion to Bifurcate and Stay
Discovery," (ECF 68), requesting that Count X against BPD be bifurcated from the claims
against Lloyd.  Additionally, BPD requests that discovery related to Count X be stayed pending
resolution of the claims against Lloyd.

Plaintiff files this opposition.

ARGUMENT

**I.     This Court should deny Defendants' request to bifurcate the case.**

Rule 42(b) of the Federal Rules of Civil Procedure provides that the Court may bifurcate
a case "[f]or convenience, to avoid prejudice, or to expedite and economize" the matter. "[T]he
general practice is to try all the issues in a case at one time." *Miller v. Am. Bonding Co.*, 257 U.S.

3

304, 308 (1921). "[A] court should begin its analysis with the Advisory Committee's admonition that 'separation of issues for trial is not to be routinely ordered.'" *Lewis v. City of N.Y.*, 689 F. Supp. 2d 417, 428 (E.D.N.Y. 2010) (citation omitted). "Bifurcation is thus the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004).

## II.     Bifurcation is not appropriate here because the injuries complained are not solely attributable to Lloyd's conduct.

A "municipality may be found liable under § 1983 even in the absence of individual liability." *Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999). *Accord Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985); *Garcia v. Salt Lake County*, 768 F.2d 303, 310 (10th Cir. 1985).

The crux of Defendants' argument is its assertion that "a plaintiff generally cannot pursue § 1983 *Monell* liability claims unless the plaintiff first prevails on the direct § 1983 individual claims against the Officer Defendants." (ECF 68-1, at 4-5). The problem with this argument is that "municipal liability under *Monell* is appropriate in the absence of liability for individual officers where 'the injuries complained of are not *solely* attributable to the actions of named individual defendants.'" *Jones v. Chapman*, Civil Action No. ELH-14-2627, 2017 U.S. Dist. LEXIS 87907, at *109 (D. Md. June 7, 2017) (emphasis added). *Accord Haughie v. Wexford Health Sources, Inc.*, Civil Action No. ELH-18-3963, 2020 U.S. Dist. LEXIS 40770, at *46 (D. Md. Mar. 9, 2020) ("Courts have also determined that municipal liability under *Monell* is appropriate in the absence of liability for individual officers where 'the injuries complained of are not solely attributable to the actions of named individual defendants.'"); *Watkins v. Butler*, No. 1:20-cv-00208-JRR, 2024 U.S. Dist. LEXIS 89826, at *22 (D. Md. May 20, 2024) (same).

In *Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999), the

U.S. Court of Appeals for the Second Circuit reversed a trial court's ruling because "it was error

for the district court to prevent the jury from deciding the issue of municipal liability simply

because Lee and Colonna were found not to be liable." It explained:

> We agree with our sister circuits that under *Monell* municipal liability for
> constitutional injuries may be found to exist even in the absence of individual
> liability, at least so long as the injuries complained of are not solely attributable to
> the actions of named individual defendants. *Cf. City of Los Angeles v. Heller*, 475
> U.S. 796, 798-99 (1986) (*per curiam*) (where alleged constitutional injury is
> caused solely by named individual defendant who is found not liable, municipal
> liability cannot lie). It is therefore possible that a jury could find the Commission
> and the County of Orange liable for the alleged violations of Barrett's First
> Amendment rights even after finding that Lee and Colonna are not liable. Lee and
> Colonna may have been the most prominent figures in Barrett's termination; they
> may have issued plaintiff's termination letter. But the Commission is a multi-
> member body that makes its determinations as a group, and many of the adverse
> employment actions complained of by Barrett, including the decision to terminate
> him as Executive Director of the Commission, were taken by the Commission as a
> whole, not by Lee and Colonna by themselves. It is therefore possible that the
> defendant commissioners did not as individuals violate Barrett's rights, but that
> the Commission did.

*Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999)

Here, this Court should reject this argument because the "the injuries complained of are

not *solely* attributable," *Jones v. Chapman*, Civil Action No. ELH-14-2627, 2017 U.S. Dist.

LEXIS 87907, at *109 (D. Md. June 7, 2017), to Defendant Lloyd's conduct. Although

Defendant Lloyd certainly violated Plaintiff's constitutional rights, Plaintiff's injuries are not

"solely attributable" to Lloyd. Diaz, Larbi, and Taylor who provided "material aid, support, and

assistance" to Lloyd when he extorted Plaintiff.  As alleged in the Second Amended Complaint:

> Defendant Lloyd, Defendant Diaz, Defendant Larbi, and Defendant Taylor were
> on duty as sworn law enforcement officers with the Baltimore City Police
> Department when this incident took place. The individual defendants provided
> material aid, support, and assistance in Lloyd's extortion of Plaintiff by assisting
> him and providing the perception that Defendant Lloyd was acting with the
> power, authority, and the force of law conferred by the Baltimore Police

Department. At no time did Defendant Diaz, Defendant Larbi, and Defendant
Taylor intervene to aid Plaintiff and stop Defendant Lloyd's extortion and other
torts committed against Plaintiff.

(2nd Am. Compl., at ¶ 42). Because the injuries complained of are not solely attributable to

Lloyd, this Court should reject the Defendants' arguments that bifurcation is appropriate here.

### III.   This Court should deny the motion to bifurcate because two separate trials are unnecessary and inefficient.

Two separate trials are unnecessary and inefficient, as is conducting two separate rounds

of discovery. "Whether bifurcation is appropriate is fact specific." *Dawson v. Prince George's

Cnty.*, 896 F. Supp. 537, 539 (D. Md. 1995). Bifurcation "is not to be routinely ordered." *Leite v.

Severstal Sparrows Point, LLC*, 2010 WL 5148423, at *1 (D. Md. Dec. 10, 2010) (denying

motion to bifurcate issues of damages from liability) (citations omitted). "Regardless of the

latitude given to district courts in their discretion to bifurcate trials, separate trials remains the

exception rather than the rule." *Noel v. Artson*, No. WMN-06-2069, 2006 U.S. Dist. LEXIS

117942, at *3-4 (D. Md. Nov. 1, 2006) (citations and quotations omitted).

Bifurcated discovery is clearly less efficient. *See Arunachalam v. Shori Servs., LLC, No.

GLS-23-0046,* 2024 U.S. Dist. LEXIS 53342, at *17 (D. Md. Mar. 26, 2024) ("it is clear that in

most instances, regular—that is, unbifurcated—discovery is more efficient"); *Cent. Transp. Int'l,

Inc. v. GE Co.*, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008) (denying Defendant's

motion to bifurcate discovery and holding that bifurcated discovery would "result ultimately in

duplicative discovery that [would] waste time, money and scare judicial resources"). Bifurcation

would not serve judicial economy, as bifurcated discovery would be costly, inefficient, and

unnecessary. *See Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, 403 F.Supp.2d

451, 461 (D. Md. 2005) (holding that bifurcation of discovery "would not further judicial

economy").

Here, bifurcation does not serve judicial economy or avoid prejudice. *See Belk, Inc. v. Meyer Corp.*, 2008 WL 2704792, at \*2 (W.D.N.C. July 7, 2008) (motion for bifurcation of discovery denied in favor of a "regular discovery period that would allow for a more efficient process").

        **a.   There is no unfair prejudice to any defendant.**

No prejudice, let alone undue prejudice, has been demonstrated by the Baltimore Police Department or James Lloyd, and none would result should the Court deny Defendants' Motion for Bifurcation. Quite the contrary, if the motion were granted, the result would be far from economical, efficient, or expedient.

First, this Court should reject the claim that either defendant would be unfairly prejudiced. This is so because Defendant Lloyd engaged in criminal conduct, he entered a guilty plea to engaging in criminal (albeit under *Alford v. North Carolina*), (2nd Am. Compl., at ¶ 47); *State v. Lloyd*, Case No.: C-03-CR-20-002289 (Circuit Court for Baltimore County, MD), and it is believed that the Baltimore Police Department will disavow his conduct. By contrast, it does not appear this is a situation where the law enforcement agency approves of or is defending the officer's conduct such as in a hotly contested use of force that was sanctioned by an internal affairs review and prior instances of police misconduct introduced at a trial of both defendants might sway a jury to believe the officer's conduct was unlawful based on those prior instances of misconduct.

Second, while Defendants' cite the potential for prior incidents of police misconduct being irrelevant to the claims against Lloyd, to the extent any evidence is admitted that would not have independent relevance against both Lloyd and the Baltimore Police Department, the Court can certainly instruct the jury on any limitations regarding consideration of that evidence.

Indeed, "[w]e presume juries follow the court's instructions." *United States v. Ortiz-Orellana*, 90 F.4th 689, 699 (4th Cir. 2024). *Accord United States v. Loughry*, 983 F.3d 698, 705 (4th Cir. 2020) ("the jurors were repeatedly instructed to avoid social media 'about this case,' and we presume that the jury followed these instructions").

### b.  It is premature to order bifurcation.

Even if bifurcation would become appropriate at some stage of this trial, it is too early to determine whether it is necessary in this case. Courts have considered the fact that evidence presented to prove separate counts of a claim will overlap as an important factor when deciding whether to bifurcate. *See, e.g., F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 388 n.2 (M.D.N.C. 1999).

Defendant's motion to not only bifurcate trial but also discovery would result in a woefully inefficient litigation of matters that are expressly and entirely related and inextricably intertwined for which one trial would swiftly and efficiently resolve Plaintiffs' claims against all the defendants. Bifurcation will also likely result in time consuming and unnecessary discovery disputes about the scope of discovery in the bifurcated actions. Moreover, two separate trials would be costly, inefficient, and a drain on the Court's resources and dramatically increase the litigation costs and time for the parties. Granting the relief requested by the Defendants will essentially require Plaintiff to present substantially similar cases against each defendant in a piecemeal fashion and will lead to delayed resolution of Plaintiff's claims. Bifurcation of trial and discovery would not only add to the judicial time, resources, and expenses spent on this case but would increase the attorney's fees and expenses spent on preparing and conducting discovery and trying both cases.

As a result, the Court need not and should not grant Defendants' request for bifurcation, as two trials would unnecessarily delay the conclusion of this case on the merits, the reaching of a final judgment, and add to the time and expense of preparing for two trials.

**IV.   Conclusion.**

For the reasons stated above, this Court should deny Defendants' request to bifurcate and stay discovery.

                                 Respectfully submitted,


                          By:    _____/s/_____
                                 Timothy F. Maloney, AIS No. 8606010245
                                 tmaloney@jgllaw.com
                                 Matthew M. Bryant, AIS No. 0712110104
                                 mbryant@jgllaw.com
                                 Joseph, Greenwald & Laake, P.A.
                                 6404 Ivy Lane, Suite 400
                                 Greenbelt, Maryland  20770
                                 Phone: (301) 220-2200

                                 Bobby Zirkin, Esq.
                                 Zirkin and Schmerling Law Office
                                 1852 Reisterstown Road, Suite #203
                                 Pikesville, MD 21208
                                 Phone: (410) 753-4611

                                 *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2024, a copy of the foregoing was sent via the Court's electronic filing system on all attorneys of record in this case.

                                 _____/s/_____
                                 Matthew M. Bryant